UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS ALBERTO SERRANO-
PAREDES,

        Petitioner,

    v.                                                    Case No.:  2:26-cv-01306-SPC-NPM

DAVID HARDIN *et al.*,

        Respondents,

                                   /

## OPINION AND ORDER

Before the Court are Luis Alberto Serrano-Paredes's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Serrano-Paredes's reply (Doc. 7).  For the below reasons, the Court grants the petition.

Serrano-Paredes is a native and citizen of Mexico who entered the United States in 2016.  He has no criminal history other than traffic citations.  The Department of Homeland Security commenced removal proceedings against Serrano-Paredes by issuing a notice to appear on September 14, 2020.  On April 5, 2026, the Polk County Sheriff's Office arrested Serrano-Paredes for driving without a license and contacted Immigration and Customs Enforcement ("ICE").  ICE issued an immigration detainer and an arrest warrant on April 5, 2026, and served the warrant and took custody of Serrano-

Paredes on April 10, 2026.[1]   He is currently detained at Glades County

Detention Center without an opportunity to seek release on bond.

Serrano-Paredes claims he is entitled to a bond hearing as a member of

the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-

BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *amended and superseded by*

2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  The *Maldonado Bautista* court

defined the class as follows:

> **Bond Eligible Class:** All noncitizens in the United States without
> lawful status who (1) have entered or will enter the United States
> without inspection; (2) were not or will not be apprehended upon arrival;
> and (3) are not or will not be subject to detention under 8 U.S.C. §
> 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland
> Security makes an initial custody determination.

2025 WL 3713987, at *32.  The court found the Department of Homeland

Security's policy of categorically denying bond hearings to the class members

unlawful, vacated the policy, and entered declaratory judgment in the class's

favor.  The parties disagree whether *Maldonado Bautista* has preclusive effect.

But even without *Maldonado Bautista*, the Court finds Serrano-Paredes

entitled to habeas relief.

The core of the dispute before this Court is whether 8 U.S.C.

§ 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA")

---

[1] Serrano-Paredes claims his April 5 arrest violated 8 U.S.C. § 1226(a) because ICE did not serve the warrant until it took custody of him on April 10.  But the evidence shows the Polk County Sheriff's Office arrested Serrano-Paredes for a state crime (driving without a license), not because of his immigration status.  Thus, § 1226(a) did not apply to the initial arrest.

applies to Serrano-Paredes.   The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge.  Serrano-Paredes asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing.   As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).   The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile.  And like the petitioners in those cases, Serrano-Paredes's detention is governed by § 1226(a), not § 1225(b)(2).  As a noncitizen detained under § 1226(a), Serrano-Paredes has a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond

3

hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[2]

The Court will thus order the respondents to either bring Serrano-Paredes before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Serrano-Paredes's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Serrano-Paredes to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Serrano-Paredes receives a bond hearing that complies with this Order within ten days, they must release him.

---

[2] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 170 F.4th 1128 (8th Cir. 2026), which agreed with the government's interpretation of the INA. The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive. What is more, the Second and Seventh Circuits rejected the government's arguments in *Da Cunha v. Freden*, No. 25-3141 (2nd Cir. 2026) and *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

Accordingly, it is hereby

**ORDERED**:

Luis Alberto Serrano-Paredes's Petition for Writ of Habeas Corpus (Doc.

1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall

either (1) bring Serrano-Paredes for an individualized bond hearing before an

immigration judge or (2) release Serrano-Paredes under reasonable conditions

of supervision.    If the respondents release Serrano-Paredes, they shall

facilitate his transportation from the detention facility by notifying his counsel

when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and

deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

5